RIESER et al., Appellees,

v.

RIESER et al., Appellants.

[Cite as *Rieser v. Rieser,* 191 Ohio App.3d 616, 2010-Ohio-6227.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23853.

Decided Dec. 17, 2010.

Dianne F. Marx, Scott S. Davies, Thomas P. Whelley II, and David R. Wickham, for appellees.

F. Harrison Green, for appellants.

---

GRADY, Judge.

{¶ 1} This is an appeal from a final order of the General Division of the Montgomery County Court of Common Pleas that prohibited an executor of a decedent's estate from prosecuting an action in federal court to recover assets allegedly belonging to the estate. The trial court held that the executor was prohibited from proceeding in the federal action by a prior settlement agreement that the court had approved. We find that the general division lacked jurisdiction to grant that relief because it directs and/or controls the conduct of an executor, which per R.C. 2101.24(A)(1) is within the exclusive jurisdiction of the probate court.

{¶ 2} Ruth Day died in 2001. In 2004, an action was commenced in the general division of the court of common pleas requesting a declaration concerning disposition of the assets of a trust that Ruth Day and her husband, Louis D. Day, who predeceased her, had established. Ruth Day's three daughters, Diana R. Kallar, Carole Ann Disher, and Kathleen Perkins, who are the beneficiaries of the trust, were parties to that action. Cotrustees John Paul Rieser and Michael Disher and the Disher Furniture Company were also parties.

{¶ 3} Following mediation, the parties to the declaratory-judgment action reached an agreement settling their claims. The general division court approved the agreement and incorporated it into the court's final order, which was journalized on December 30, 2005. The order states that the court "retain[s] jurisdiction of any further matters that may be related to or arise out of this litigation."

{¶ 4} The assets of Ruth Day's trust were distributed among her three daughters pursuant to the terms of the settlement agreement. Ruth Day had also executed a will that provided for distribution to the trust of any other assets Ruth Day owned at her death. Apparently, there were no other assets, and because of that Ruth Day's will was not filed for probate at the time the settlement agreement regarding her trust was concluded.

{¶ 5} On April 30, 2007, Kathleen Perkins, one of Ruth Day's three daughters, filed an application in the Probate Court of Montgomery County to probate Ruth Day's will. On June 8, 2007, a magistrate of that court recommended that Kathleen Perkins be appointed executor of the estate of Ruth Day. Carole Ann Disher, another daughter, filed objections, claiming that she lacked notice of Kathleen Perkins's application. The probate court overruled the objection.

{¶ 6} Carole Ann Disher also moved to dismiss the probate action, contending that all matters to be decided therein had been finally resolved by the 2005 settlement agreement in the general division action, and that Kathleen Perkins was bound by that agreement. The motion pointed to the fact that Kathleen Perkins signed the 2005 settlement agreement both individually and as executor of the estate of Ruth Day. The probate court found that the settlement agreement that Kathleen Perkins signed in 2005 could not bind the estate because Kathleen Perkins was not then the executor of the estate of Ruth Day. The court appointed Kathleen Perkins executor of the estate of Ruth Day on the day the motion was denied, February 26, 2008.

{¶ 7} While the objections were pending in the probate court, on September 6, 2007, Kathleen Perkins commenced an action in the United States district court against the following persons: John Paul Rieser, individually and as cotrustee of the trust established by Ruth Day and her late husband, Louis D. Day; Michael Disher, also individually and as cotrustee; Rieser and Marx, attorneys; Carole Disher; and Disher Furniture Company. The complaint pleads RICO violations and several common-law tort claims for relief on behalf of the estate of Ruth M. Day, seeking to recover assets allegedly belonging to the estate.

{¶ 8} On August 7, 2008, John Paul Rieser and Michael B. Disher filed a motion in the general division of the court of common pleas, asking that court to enforce the 2005 settlement agreement and to prohibit Kathleen Perkins from proceeding in the federal litigation she had commenced as executor of the estate of Ruth Day. The movants argued that the allegations in the federal action were on claims concerning which the parties to the settlement agreement had executed mutual releases and were therefore matters "relating to or arising out of [the] litigation," which the general division retained jurisdiction to determine.

{¶ 9} The motion was referred to a magistrate, who filed a decision overruling the motion. The magistrate reasoned that because the relief requested involved

matters statutorily committed to the exclusive jurisdiction of the probate court, the general division, notwithstanding its reservation of jurisdiction, lacked authority to grant the relief requested.

{¶ 10} The movants filed timely objections to the magistrate's decision. The general division sustained the objections. The court found that the claims for relief in the federal action "directly arise out of the litigation resolved in this Court pursuant to the Order" adopting the settlement agreement and that the parties to the settlement agreement had therein released each other "from the beginning of the world to the date of this Agreement" from the claims alleged in the federal litigation. Because the court had expressly "retain[ed] jurisdiction of any further matters that may be related to or arise out of this litigation," the court prohibited Kathleen Perkins from proceeding in the federal litigation. Perkins filed a notice of appeal from that final order.

SECOND ASSIGNMENT OF ERROR

{¶ 11} "The court of common pleas erred when it failed to recognize that the probate court had ruled on plaintiffs' issue to enforce the settlement agreement."

{¶ 12} Before filing their motion in the general division of the court of common pleas, appellees sought relief in the probate court, which had appointed Kathleen Perkins executor of the estate of Ruth Day in 2007. The probate court denied appellee's request to prohibit Kathleen Perkins from proceeding as executor of the estate of Ruth Day in the federal action. Perkins contends that because the probate court previously declined a similar request by appellees to prohibit the executor from proceeding in the federal action, that prior judgment of the probate court bars the subsequent motion the appellees filed in the general division, under the doctrine of res judicata.

{¶ 13} "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226. Even were the same claims involved in both actions, which is disputed, the probate court's decision would not bar the motion to enforce the settlement agreement that appellees filed in the general division action. That action is one in which a final judgment was entered in 2005 by the general division. The general division action was therefore not subsequent to the probate court action that was commenced in 2007, when the will of Ruth Day was admitted for probate. Res judicata therefore does not bar the application that was made in the general division action.

{¶ 14} If the general division's 2005 order adopting the settlement agreement creates a res judicata bar, on this record it can apply only to bar the federal action. The prior final order of the general division court of common pleas would

bar the subsequent federal action if the federal action is based on claims that were or could have been the subject matter of the action in the general division and the parties in the subsequent federal action are identical to or in privity with the parties in the prior general division action. *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67.

{¶ 15} In *Deaton v. Burney* (1995), 107 Ohio App.3d 407, 412, 669 N.E.2d 1, in which we held that a prior final judgment in federal district court barred an action filed in the common pleas court, we wrote:

{¶ 16} "Although the doctrine of *res judicata* generally requires an identity of parties, strict identity is not always required. The doctrine has been applied when the party in the subsequent action, though not named as a party in the prior action, was a real party in interest in that prior action. In applying the doctrine, the court will look beyond the nominal parties to the substance of the cause to determine the real party in interest. *State ex rel. Hofstetter v. Kronk* (1969), 20 Ohio St.2d 117, 49 O.O.2d 440, 254 N.E.2d 15, paragraph two of the syllabus; *Trautwein v. Sorgenfrei* (1979), 58 Ohio St.2d 493, 501, 12 O.O.3d 403, 407, 391 N.E.2d 326, 330–331. Identity of parties is not a mere matter of form, but of substance. *Trautwein v. Sorgenfrei*."

{¶ 17} The probate court found that Kathleen Perkins, because she was not executor of the estate of Ruth Day when she signed the settlement agreement in 2005, could not be bound by its terms when acting in her capacity as executor in the federal action. The probate court did not reach the issue of whether, notwithstanding her current status as executor, Kathleen Perkins was a real party in interest in the prior action that produced the settlement agreement. The federal court should have looked beyond the nominal difference in her status as executor to the substance of the action before the court to determine whether Kathleen Perkins is a real party in interest in both the general division and federal actions.

{¶ 18} The issue before us, however, is whether the general division erred when it prohibited Kathleen Perkins from proceeding as executor of the estate of Ruth Day in the federal litigation. When it journalized its final order in 2005 adopting the settlement agreement, the general division stated: "In an effort to promote judicial efficiency, this court will retain jurisdiction of any further matters that may be related to or arise out of this litigation."

{¶ 19} Courts have the inherent power to enforce the relief granted in their final judgments and decrees. More specifically, courts "possess the authority to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit since such an agreement constitutes a binding contract." *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902, citing *Spercel*

*v. Sterling Industries* (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285 N.E.2d 324. However, the subject-matter jurisdiction of the court of common pleas and its divisions exists pursuant to statute. Section 4(B), Article IV, Ohio Constitution. Courts can exercise only the jurisdiction so granted them. *Humphrys v. Putnam* (1961), 172 Ohio St. 456, 17 O.O.2d 424, 178 N.E.2d 506. A common pleas court may determine its jurisdiction in a matter before it but has no power to determine its jurisdiction as to matters in which it is not given jurisdiction by constitutional or statutory provisions. *State ex rel. Bechtel v. McCabe* (1938), 60 Ohio App. 233, 14 O.O. 100, 20 N.E.2d 381. Neither may the parties to litigation by agreement confer jurisdiction on a court that by law it does not have. *State ex rel. Lawrence Dev. Co. v. Weir* (1983), 11 Ohio App.3d 96, 11 OBR 148, 463 N.E.2d 398.

{¶ 20} R.C. 2101.24(A)(1)(c) states: "Except as otherwise provided by law, the probate court has exclusive jurisdiction * * * [t]o direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates." By negative implication, no other division of a common pleas court for a county has jurisdiction to do those things. In prohibiting Kathleen Perkins from proceeding as executor of the estate of Ruth Day in the federal action, the general division granted relief in a form that directs and controls the conduct of an executor appointed by the probate court, which is likewise a division of the Montgomery County Court of Common Pleas. R.C. 2101.01. Notwithstanding its express reservation of jurisdiction, the general division lacked the power to grant relief in that form because it is a form of relief exclusive to the probate court's exercise of the jurisdiction conferred on that court by R.C. 2101.24(A).

{¶ 21} The second assignment of error is sustained.

FIRST ASSIGNMENT OF ERROR

{¶ 22} "The court of common pleas erred in finding jurisdiction over an executor of an estate that was not a party to a settlement agreement."

{¶ 23} The error assigned is rendered moot by our decision sustaining the second assignment of error. Therefore, we need not decide the error assigned. App.R. 12(A)(1)(c).

Conclusion

{¶ 24} Having sustained the second assignment of error, we will reverse and vacate the final order from which this appeal is taken.

Judgment reversed.

F<small>AIN</small> and F<small>ROELICH</small>, JJ., concur.