[Cite as *Perkins v. Rieser*, 2016-Ohio-728.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

KATHLEEN E. PERKINS, Executrix of
The Estate of Ruth M. Day, deceased

       Plaintiff-Appellant

v.

JOHN PAUL RIESER, et al.

       Defendants-Appellees

:
:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 26616

Trial Court Case No. 2012-CV-8688

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . .

O P I N I O N

Rendered on the 26th day of February, 2016

. . . . . . . . . .

JAMES R. HARTKE, Atty. Reg. No. 0011584, 917 Main Street, Suite 400, Cincinnati, Ohio 45202
      Attorney for Plaintiff-Appellant, Kathleen Perkins

JOHN PAUL RIESER, Atty. Reg. No. 0017850, and DIANNE MARX, Atty. Reg. No. 0022988, Rieser & Marx LLC, 7925 Graceland Street, Dayton, Ohio 45459-3834
      Attorneys for Defendants-Appellees, John Paul Rieser, et al.

GREGORY S. PAGE, Atty. Reg. No. 0065264, 7501 Paragon Road, Lower Level, Dayton, Ohio 45459
      Attorney for Defendant-Appellees, Disher Furniture, Inc., et al..

. . . . . . . . . . . .

HALL, J.

{¶ 1} Kathleen Perkins, executor of the Estate of Ruth M. Day, appeals the entry of summary judgment on her claims and the award made against her as sanction for frivolous conduct. Finding no error, we affirm.

## I. Background

{¶ 2} When Ruth Day died in 2001, all of her assets were held in a trust that she and her husband, Louis Day, who had already died, had established. The beneficiaries of the trust are Day's three daughters, Diana Kallar, Carole Disher, and Kathleen Perkins. And the trust's co-trustees were John Paul Rieser and Michael Disher.

{¶ 3} In 2004, Perkins filed an action in the probate court against the co-trustees for accounting and removal. In response, the co-trustees filed a declaratory-judgment action in the general division of the court of common pleas for a declaration concerning the disposition of the trust assets. The beneficiaries of the trust were parties to that action.

{¶ 4} The parties agreed to mediation and reached a settlement agreement. This agreement was incorporated into a 2005 final judgment. Under the settlement agreement, in addition to agreeing how the trust property would be distributed, the parties agreed to release all claims—"whether now known or unknown"—that they had against each other. *Settlement Agreement, Release and Indemnification*, ¶ 6. The trust assets were distributed among Day's three daughters according to the terms of the settlement agreement.

{¶ 5} Ruth Day also had a will that left any assets that she owned at her death to the trust. Likely because all of Day's assets were already in the trust, the will was not

submitted to probate at the time of the settlement agreement. But in 2007, Kathleen Perkins filed an application in the probate court to probate the will. A magistrate recommended that Perkins be appointed executor of Ruth Day's estate. Carole Disher filed objections, claiming that she lacked notice of Perkins's application. But the probate court overruled the objections. In February 2008, the court appointed Perkins executor.

{¶ 6} In September 2007, while the objections were pending in the probate court, Perkins as executor of the Day estate filed an action in the United States district court against Rieser and Michael Disher, both individually and as co-trustees, and others seeking to recover assets allegedly belonging to the estate. The federal-court complaint asserts two claims under the federal Racketeer Influenced and Corrupt Organizations Act (RICO) and asserts state-law tort claims for tortious interference with a right of expectancy, common-law fraud, and unjust enrichment.

{¶ 7} In August 2008, Rieser and Michael Disher filed a motion in the general division of the court of common pleas asking that court to prohibit Perkins from proceeding in the federal action, based on the Settlement Agreement. A magistrate filed a decision overruling the motion, but the trial court sustained Rieser and Disher's objections and prohibited Perkins from proceeding in the federal action. Perkins appealed to this Court, and we reversed, concluding that she had filed the federal action as executor and therefore "the general division lacked the power to grant relief in that form because it is a form of relief exclusive to the probate court's exercise of the jurisdiction conferred on that court by R.C. 2101.24(A)." *Rieser v. Rieser*, 191 Ohio App.3d 616, 2010-Ohio-6227, 947 N.E.2d 222, ¶ 20 (2d Dist.).

{¶ 8} The federal district court dismissed Perkins's claims—the RICO claims with

prejudice and the state-law claims without prejudice. Three months later, in December 2012, Perkins filed this action as executor of the Day estate against Rieser and Michael Disher, both individually and as co-trustees, and others. The complaint asserts two claims under Ohio's RICO statute and asserts claims for tortious interference with a right of expectancy, common-law fraud, and unjust enrichment.

{¶ 9} The defendants moved for summary judgment, which the trial court denied. Later, Rieser and Michael Disher moved the court to reconsider their summary-judgment motion. This time, in February 2014, the trial court granted the motion and entered summary judgment on all claims, concluding that they are barred by res judicata and that the fraud claim is barred by the applicable statute of limitations. Perkins filed a motion asking the trial court to reconsider its summary-judgment decision. But the court overruled her motion, and Perkins appealed the denial to this Court. We dismissed her appeal because the trial court had not ruled on the defendants' motion for sanctions and the appealed judgment was not certified under Civ.R. 54(B).

{¶ 10} Back in 2013, the defendants had filed a motion for sanctions under R.C. 2323.51 and Civ.R. 11. In its February 2014 decision granting the defendants' summary-judgment motion, the trial court scheduled a hearing on the motion for the following month. But when Perkins appealed, the trial court proceedings were suspended. In January 2015, after Perkins's first appeal was dismissed, a sanctions hearing was held. Afterwards, the trial court found that Perkins and her counsel engaged in frivolous conduct under R.C. 2323.51 and that counsel violated Civ.R. 11. The court awarded the defendants reasonable attorney's fees of $14,279.

{¶ 11} Perkins appealed again.

## II. Analysis

{¶ 12} Perkins assigns three errors to the trial court. The first assignment of error challenges the entry of summary judgment for the defendants. The second assignment of error challenges the frivolous-conduct sanction. And the third assignment of error challenges the trial court's sanctioning Perkins individually.

## A. Summary judgment

{¶ 13} The first assignment of error alleges that the trial court erred by granting the defendants' motion for reconsideration of summary judgment.

{¶ 14} "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." (Citation omitted.) *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). "[T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. The evidentiary materials listed in Civ.R. 56(C) include 'the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.' These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. While the movant is not necessarily obligated to place any of these evidentiary materials in the record, the evidence must be in the record or the motion cannot succeed." *Dresher v. Burt*, 75 Ohio

St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶ 15} Perkins contends that the affidavit supporting the defendants' summary-judgment motion is invalid. And she contends that her claims are not barred by res judicata or the statute of limitations.

{¶ 16} In support of their motion for summary judgment, the defendants submitted an affidavit by Carole Disher about the Settlement Agreement. Perkins contends that the affidavit is invalid because it violates Civ.R. 56(E) by not specifically stating that it is based on Disher's "personal knowledge" and by not stating that she is competent to testify to the matters stated in the affidavit.

{¶ 17} Civ.R. 56(E) pertinently provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "In the absence of a specific statement of personal knowledge, personal knowledge may be inferred from the contents of an affidavit." *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 15. No talismanic words are necessary. *OhioHealth Corp. v. Ryan*, 10th Dist. Franklin No. 10AP-937, 2012-Ohio-60, ¶ 32 (finding that the affidavit established personal knowledge despite not using the " 'magic words' ").

{¶ 18} Disher's five-paragraph affidavit states:

1. Attached hereto and incorporated herein by reference is a true and accurate copy of the Settlement Agreement, Release and Indemnification signed, on or about December 20, 2005, by all parties involved in Montgomery County Common Pleas Court Case No. 2004 CV 3372 ("the

Lawsuit");

2. Pursuant to and in accordance with the Settlement Agreement, Release and Indemnification, all assets related to the Lawsuit have been accounted for and distributed as directed therein;

3. All parties to the Settlement Agreement, Release and Indemnification have complied with its terms and obligations, with the exception of the litigation brought by Kathleen Perkins;

4. All parties to the Settlement Agreement, Release and Indemnification had the opportunity to review the Settlement Agreement, Release and Indemnification with his/her attorney prior to executing the Settlement Agreement, Release and Indemnification;

5. Kathleen Perkins represented to all parties that she reviewed the Settlement Agreement, Release and Indemnification with her attorney prior to executing the Settlement Agreement, Release and Indemnification.

{¶ 19} We think that Disher's personal knowledge of the matters stated in her affidavit may be inferred. " 'Personal knowledge' is '[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said.' " *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 26, quoting *Black's Law Dictionary* 875 (7th Ed.1999). Disher's knowledge of the affidavit matters comes from her own observations and experience as beneficiary of the trust and a party to the Settlement Agreement. Her competence to testify about these matters is also plain.

{¶ 20} Perkins contends that her claims are not barred by res judicata because the

estate was not a party in the 2004 case. It is true that the estate was not a party to the settlement agreement. And it is also true that, at that time, Perkins had not yet been appointed the executor of the estate. But in the current action, Perkins herself is the real party in interest.

{¶ 21} In our decision concluding that the general division of the common pleas court lacked jurisdiction to prohibit Perkins as executor from prosecuting the federal-court action, we briefly discussed the doctrine of res judicata. We said that " '[a]lthough the doctrine of res judicata generally requires an identity of parties, strict identity is not always required. The doctrine has been applied when the party in the subsequent action, though not named as a party in the prior action, was a real party in interest in that prior action. In applying the doctrine, the court will look beyond the nominal parties to the substance of the cause to determine the real party in interest. Identity of parties is not a mere matter of form, but of substance.' " (Citations omitted.) *Rieser*, 191 Ohio App.3d 616, 2010-Ohio-6227, 947 N.E.2d 222, at ¶ 16, quoting *Deaton v. Burney*, 107 Ohio App.3d 407, 412, 669 N.E.2d 1 (2d Dist.1995). We noted that neither the probate court nor the federal court had attempted to look "beyond the nominal difference in her status as executor to the substance of the action before the court to determine whether Kathleen Perkins is a real party in interest in both the general division and federal actions." *Id.* at ¶ 17.

{¶ 22} Ruth Day's will is a pour-over will, which means that all of the estate's assets go to the trust. In other words, the sole beneficiary of the will is the trust. Perkins does not contest the will, and no creditor is seeking payment from the estate. So if Perkins successfully recovers the assets that she alleges belong to the estate, those assets will simply flow into the trust and be distributed to the trust beneficiaries. The fiduciaries of

the trust, and the beneficiaries, including Perkins, have already settled all the trust-related issues. So it is difficult to perceive any independent interest the estate has in this action. Perkins's interest in this action, however, is clear. In the Settlement Agreement, Perkins agreed that "after investigation and review of Day Trust documents, including but not limited to financial documents, there was no breach of fiduciary duty by John Paul Rieser, Esq. as Co-Trustee of the Day Trust or Michael B. Disher as Co-Trustee of the Day Trust; and at no time were there ever any missing assets of the Day Trust." *Settlement Agreement*, ¶ 14. And Perkins released all her claims—"whether now known or unknown"—against Rieser and Michael Disher, the defendants in this case. Technically the Settlement Agreement was before the estate was opened and therefore the settlement does not prohibit the Day estate from pursuing claims against Rieser or Disher. But it is undoubtedly Perkins who is the real party in interest in this action that she has already settled. Which means that her claims are barred by res judicata.

{¶ 23} Perkins also contends that her fraud claim is not barred by the applicable statute of limitations. Because we have concluded that all her claims are barred by res judicata, this contention is moot.

{¶ 24} The first assignment of error is overruled.

### B. Sanctions

{¶ 25} The second assignment of error alleges that the trial court erred by sanctioning Perkins for frivolous conduct. Perkins contends that the court failed to hold a proper evidentiary hearing and failed to make the appropriate findings.

{¶ 26} R.C. 2323.51 allows a court to award "court costs, reasonable attorney's fees, and other reasonable expenses" to any party "who was adversely affected by

"frivolous conduct." R.C. 2323.51(B)(1). Before making an award, the court must hold a hearing "to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award." R.C. 2323.51(B)(2)(a).

**{¶ 27}** In this case, the trial court held a frivolous-conduct hearing on January 6, 2015. Perkins says that the hearing concerned attorney's fees only and that the court did not allow evidence as to whether her conduct was frivolous. Our review of the hearing transcript shows that some evidence regarding frivolousness was admitted. Exhibit B is a statement of the defendants' legal fees incurred in defending against the federal action. The trial court noted, and defendants' counsel agreed, that "[t]he purpose of Exhibit B is just to indicate that it's harassment, continual—[expenses]." (Hearing Tr. 27). Later in the hearing, though, the court said that attorney's fees was "all we're talking about today." (*Id.* at 56). It appears that the court had already determined that bringing the 2012 action was frivolous. At a sidebar, the court said, "the case was dismissed by me, the underlying case, because I don't see any merit to it which makes it kind of frivolous I guess or could be * * *. If you want to kind of brief this after this hearing, you're welcome to it." (*Id.* at 33).

**{¶ 28}** Perkins did not present any evidence at the hearing. She did not call any witnesses or present any exhibits for admission into evidence. Also, Perkins did not make any objections to the trial court about the scope of the hearing. Therefore we cannot conclude that the hearing constitutes reversible error.

**{¶ 29}** Perkins also contends that the trial court failed to make the appropriate findings. Specifically, she says that the court failed to make the appropriate findings to determine whether her conduct was frivolous and failed to find that she engaged in

frivolous conduct.

**{¶ 30}** R.C. 2323.51 defines "conduct" as "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action." R.C. 2323.51(A)(1)(a). And the statute defines "frivolous conduct" to include "conduct" by a party or counsel that

> (i) * * * obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation[;] or
>
> (ii) * * * is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

R.C. 2323.51(A)(2)(a).

**{¶ 31}** Here, in its written frivolous-conduct decision, the trial court said: "Upon a review of the Pleadings, the Decisions/Entries in this case coupled with the testimony received during the hearing, the court finds that by the filing of the instant cause of action and subsequent actions/inactions related to it, Plaintiff and Plaintiff's counsel have engaged in frivolous conduct as defined in R.C. Sections 2323.51(A)[(2)(a)](i) and (ii)." *Decision and Order* (Feb. 19, 2015).

**{¶ 32}** "No single standard of review applies to appeals of rulings on R.C. 2323.51

motions." *Groves v. Groves*, 10th Dist. Franklin No. 09AP1107, 2010-Ohio-4515, ¶ 18. "The standard an appellate court uses depends upon whether the trial court's determination resulted from factual findings or a legal analysis. When the question regarding what constitutes frivolous conduct calls for a legal determination, 'e.g., whether a claim is warranted under existing law or could be supported by a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law,' we employ a de novo standard of review." *Bell v. Nichols*, 10th Dist. Franklin No. 10AP-1036, 2013-Ohio-2559, ¶ 18, quoting *id*.

**{¶ 33}** The trial court's determination here depends on the legal determination that the claims in this action are barred by res judicata. Consequently the trial court found that the action "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law," R.C. 2323.51(A)(2)(a)(ii). We agree with this determination

**{¶ 34}** The second assignment of error is overruled.

### C. Sanctions against Perkins individually

**{¶ 35}** Under R.C. 2323.51, a frivolous-conduct award may be made against "a party, the party's counsel of record, or both." R.C. 2323.51(B)(4). The third assignment of error alleges that the trial court erred by making the frivolous-conduct award against Perkins in her individual capacity. Perkins argues that she is a party to the case only in a representative capacity, so the court did not have jurisdiction over her.

**{¶ 36}** "[A] hearing on sanctions is considered collateral to the underlying proceedings." *Stone v. House of Day Funeral Serv., Inc.*, 140 Ohio App.3d 713, 719, 748

N.E.2d 1200 (6th Dist.2000). *Accord Beaver Excavating Co. v. Perry Twp.*, 79 Ohio App.3d 148, 153, 606 N.E.2d 1067 (5th Dist.1992) ("We conclude that for the purposes of implementation of R.C. 2323.51, contempt proceedings against a non-party witness constitute a civil action."); *Master v. Chalko*, 8th Dist. Cuyahoga No. 75973, 2000 WL 573200, *5 (May 11, 2000) (quoting *Beaver Excavating*). It is irrelevant that Perkins is not a party in her individual capacity in the underlying lawsuit because she was made a party to the frivolous-conduct action. She received notice of the frivolous-conduct proceeding against her and appeared and defended herself on the merits. *Compare Master* at *5 (concluding that sanctions were properly awarded against the appellant in his individual capacity). Nor does it matter that the pleadings do not name Perkins in her individual capacity. "A misnomer is not fatal to the jurisdiction of the court over the person of the defendant whose name is involved, and such mistake becomes a mere irregularity when the real party to be sued answers to the merits at issue in the case." (Citations omitted.) *Lamberty v. Streetsboro Sales & Supplies*, 11th Dist. Portage No. 1729, 1987 WL 18012, *2 (Sept. 30, 1987) (noting that the appellant appeared and offered a defense in the action and also filed a counterclaim).

{¶ 37} We note too that the motion for a frivolous-conduct award was filed against Perkins in February 2013. She has never raised this issue until now, not even in her written opposition to the award that she filed after the hearing.

{¶ 38} The third assignment of error is overruled.

### III. Conclusion

{¶ 39} We have overruled the three assignments of error presented. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN, J., and WELBAUM, J., concur.


Copies mailed to:

James R. Hartke
John Paul Rieser
Dianne Marx
Gregory S. Page
Hon. Neal B. Bronson
(sitting for Hon. Gregory F. Singer)