[Cite as *White v. White*, 2016-Ohio-7628.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| VONDELERE B. WHITE | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27011 |
| | : | |
| v. | : | Trial Court Case No. 1979-DR-969 |
| | : | |
| CURTIS WHITE | : | (Appeal from Domestic Relations |
| | : | Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of November, 2016.

. . . . . . . . . . .

VONDELERE B. WHITE, 4918 Tenshaw Drive, Dayton, Ohio 45418
    Plaintiff-Appellee-Pro Se

KONRAD KUCZAK, Atty. Reg. No. 0011186, 130 West Second Street, Suite 1010, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Curtis White, appeals from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, overruling his objections to the magistrate's decision awarding him $350 in attorney fees and costs as a sanction for plaintiff-appellee, Vondelere White, engaging in frivolous conduct. For the reasons outlined below, the judgment of the domestic relations court will be affirmed.

{¶ 2} The parties, Curtis White ("Curtis") and Vondelere White ("Vondelere"), were divorced in 1979. Pursuant to their divorce decree, Vondelere was not awarded any interest or rights in Curtis's retirement benefits with General Motors. Ever since their divorce, Vondelere has made numerous attempts to obtain a portion of Curtis's retirement benefits by filing multiple unsuccessful actions at both the trial court and appellate levels.

{¶ 3} Vondelere's most recent attempt to obtain Curtis's retirement benefits came in the form of an Amended Stipulated Qualified Domestic Relations Order ("Amended QDRO") that she filed with the domestic relations court on February 10, 2015. The Amended QDRO was file-stamped by the clerk, but it contained several irregularities in its form, including that parts of the document were hand-written and it was not signed by the parties or by counsel.

{¶ 4} Curtis had no knowledge of the Amended QDRO at the time it was filed, and on March 16, 2015, he moved to have it vacated. Shortly thereafter, on March 30, 2015, the domestic relations court issued an entry vacating the Amended QDRO without a hearing. In doing so, the court noted that the Amended QDRO was not stipulated, there existed no original QDRO in which to amend, and that Vondelere "has lost on this exact issue multiple times in this court and the Court of Appeals."

**{¶ 5}** Vondelere appealed from the decision vacating the Amended QDRO, which we ultimately affirmed. *White v. White*, 2d Dist. Montgomery No. 26658, 2015-Ohio-4203. In affirming the decision, we found that the court properly vacated the Amended QDRO pursuant to Civ.R. 60(B)(3) because: (1) the parties did not sign the document; (2) Curtis asserted that he did not stipulate to the document; (3) Vondelere failed to refute Curtis's assertion; and (4) there was no original QDRO in place to amend. *Id.* at ¶ 13.

**{¶ 6}** While the aforementioned appeal was pending, on April 23, 2015, Curtis filed a motion for sanctions pursuant to R.C. 2323.51 (frivolous conduct) and for Vondelere to show cause why she should not be held in contempt.[1] The domestic relations court held a hearing on the motion on July 16, 2015. Curtis, who was represented by counsel, appeared and testified at the hearing. Vondelere did not attend the hearing and had no legal representation, as she proceeded pro se throughout the proceedings.

**{¶ 7}** After the hearing, the presiding magistrate issued a written decision on July 23, 2015, overruling Curtis's motion for contempt. In reaching that decision, the magistrate determined that any contempt was purged when the court vacated the

---

[1] Although not discussed by either party, "[t]he general rule is that when a notice of appeal is filed, the trial court is divested of jurisdiction except to take action in aid of the appeal. However, the trial court does retain jurisdiction over issues not inconsistent with the appellate court's power to review, affirm, modify, or reverse the appealed judgment, such as a collateral issue like contempt." *Webb v. Pewano, Ltd.*, 12th Dist. Fayette Nos. CA2008-10-036, CA2008-12-042, 2009-Ohio-2629, ¶ 29, citing *State ex rel. Special Prosecutors v. Judges*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). Because motions for contempt and sanctions are collateral to the adjudication of the parties' claims on appeal they are unaffected by the pendency of an appeal. *Id.* at ¶ 29-30; *Harris v. Southwest Gen. Hosp.*, 84 Ohio App.3d 77, 85, 616 N.E.2d 507 (8th Dist.1992); *Newman v. Al Castrucci Ford Sales, Inc.*, 54 Ohio App.3d 166, 169, 561 N.E.2d 1001 (1st Dist.1988). Had we reversed the decision vacating the Amended QDRO, there would be a possible basis for the reversal of any sanctions imposed, but our power to review the decision vacating the Amended QDRO on appeal was not affected. *See Webb* at ¶ 31; *Newman* at 169.

Amended QDRO. However, the magistrate held that pursuant to *Williamson v. Cooke*, 10th Dist. Franklin No. 05AP-936, 2007-Ohio-493, it was still possible to order payment of attorney fees and costs even with the contempt being purged. The magistrate also held that Vondelere's conduct of filing the Amended QDRO amounted to frivolous conduct.

{¶ 8} In light of these holdings, the magistrate ordered Vondelere to pay Curtis the cost of the action and $350 in attorney fees. The magistrate noted that the $350 in attorney fees was for Curtis having to move to vacate the Amended QDRO and to address issues with the administrator of his pension plan in order to restore retirement funds that were diverted due to the Amended QDRO being filed.

{¶ 9} While Curtis presented billing statements showing that he incurred $4,040.50 in attorney fees allegedly as a result of Vondelere's frivolous conduct, the magistrate chose to award $350 because Curtis did not provide any expert testimony regarding the reasonableness of his fee request as required by Mont. D.R. Rule 4.27(G). In awarding $350, the court deferred to Mont. D.R. Rule 4.27(F), which provides that "[a]bsent evidence to the contrary" a prima facie reasonable attorney fee is "up to $350 per hearing" and "up to $1,000 in divorce, legal separation, annulment, appeal, and custody proceedings."

{¶ 10} On July 29, 2015, Curtis filed timely objections to the magistrate's decision, as well as supplemental objections on September 18, 2015. As part of his objections, Curtis contended, in pertinent part, that the magistrate erred in awarding him only $350 in attorney fees for Vondelere's frivolous conduct. Curtis claimed that he provided sufficient evidence establishing that he had spent $4,040.50 in attorney fees as a result

of Vondelere filing the Amended QDRO, and that pursuant to R.C. 2323.51, he should be awarded that amount.

{¶ 11} After independently reviewing the record, the domestic relations court judge issued a written decision on January 27, 2016, overruling Curtis's objections and adopting the magistrate's decision in its entirety. Curtis now appeals from that decision, raising the following single assignment of error for review:

THE DOMESTIC RELATIONS COURT COMMITTED PREJUDICIAL ERROR BY REQUIRING EXPERT TESTIMONY TO ESTABLISH ATTORNEY FEES AS A SANCTION FOR A VIOLATION OF ORC §2323.51.

{¶ 12} Under his sole assignment of error, Curtis contends the domestic relations court erred in failing to award him attorney fees in the requested amount of $4,040.50 as a sanction for Vondelere's frivolous conduct. Specifically, Curtis claims that the court incorrectly deferred to the prima facie reasonable fee amount of $350 in the local rules as a result of him failing to provide expert testimony concerning the reasonableness of his fee request. According to Curtis, only the frivolous conduct statute, R.C. 2323.51, applies to this case, and he claims that pursuant to that statute, he is not required to present expert testimony on the reasonableness of the fee. Therefore, Curtis claims that under R.C. 2323.51, the billing statements he submitted to the court showing his payment of $4,040.50 for various legal services was sufficient evidence of the fee he incurred as a result of Vondelere's frivolous conduct. We disagree.

{¶ 13} As a preliminary matter, we note that "[a]ppellate review of a trial court's award of attorney fees for frivolous conduct pursuant to R.C. 2323.51 is under the abuse-

of-discretion standard[.]" (Citation omitted.) *Sopp v. Turner*, 10th Dist. Franklin No. 10AP-25, 2010-Ohio-4021, ¶ 9; *Springfield Venture, L.L.C. v. U.S. Bank, N.A.*, 2015-Ohio-1983, 33 N.E.3d 85, ¶ 41 (2d Dist.). The term " '[a]buse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An abuse of discretion most commonly arises from a decision that was unreasonable. *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.* "Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere." *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991).

**{¶ 14}** R.C. 2323.51 allows a court to award "court costs, reasonable attorney's fees, and other reasonable expenses" to "any party adversely affected by frivolous conduct[.]" R.C. 2323.51(B)(1). "The burden of establishing that a party incurred reasonable attorney fees because of the opposing party's frivolous conduct falls upon the moving party." *Grine v. Sylvania Schools Bd. of Edn.*, 6th Dist. Lucas No. L-06-1314, 2008-Ohio-1562, ¶ 65, citing *In re Verbeck's Estate*, 173 Ohio St. 557, 559, 184 N.E.2d 384 (1962). "Before making an award, the court must hold a hearing 'to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award.' " *Perkins v. Rieser*, 2d Dist. Montgomery No. 26616, 2016-Ohio-728, ¶ 26, quoting R.C. 2323.51(B)(2)(a).

**{¶ 15}** In connection with the hearing required by the statute, R.C.

2323.51(B)(5)(a) provides that:

> [E]ach party who may be awarded reasonable attorney's fees and the party's counsel of record may submit to the court *or be ordered by the court to submit to it, for consideration in determining the amount of the reasonable attorney's fees, an itemized list or other evidence of the legal services rendered*, the time expended in rendering the services, and whichever of the following is applicable:
>
> (i) If the party is being represented by that counsel on a contingent fee basis, the reasonable attorney's fees that would have been associated with those services had the party been represented by that counsel on an hourly fee basis or another basis other than a contingent fee basis;
>
> (ii) In all situations other than those described in division (B)(5)(a)(i) of this section, the attorney's fees associated with those services.

(Emphasis added.) Therefore, pursuant to R.C. 2323.51(B)(5)(a), the domestic relations court is permitted to order parties to provide "other evidence of the legal services rendered" so that the court can determine the amount of reasonable attorney fees to award for frivolous conduct.

{¶ 16} While courts clearly have the authority to enact local rules, such rules are enforceable only if they are not inconsistent with the express requirements of a statute. *McCallister v. Frost*, 10th Dist. Franklin No. 07AP-884, 2008-Ohio-2457, ¶ 18, citing *Cassidy v. Glossip*, 12 Ohio St.2d 17, 21, 231 N.E.2d 64 (1967) and *State ex rel. MADD v. Gosser*, 20 Ohio St.3d 30, 485 N.E.2d 706 (1985), paragraph three of the syllabus. In this case, Mont. D.R. Rule 4.27(C) permits the domestic relations court to award

reasonable expenses, such as attorney fees and costs, for frivolous conduct. The court also has the equitable power to award attorney fees at any stage of the proceedings. Mont. D.R. Rule 4.27(A).

{¶ 17} Mont. D.R. Rule 4.27(G) further provides that if a party requests an attorney fee exceeding the prima facie reasonable fee amount set forth in section (F) of the rule, a hearing must be held on the fee request and the following requirements must be met:

> Prior to any attorney fee hearing, both parties shall make a detailed written disclosure of attorney fees incurred, including hourly rates charged, time expended, fees paid, the source of fees paid, amounts due, and additional litigation expenses incurred. * * * *If a fee hearing is necessary, the moving party must provide testimony from an expert witness (another attorney with domestic relations experience) as to the reasonableness of the request, based on Rule 1.5 of the Ohio Rules of Professional Conduct and Swanson*
>
> *v. Swanson (1976), 48 Ohio App.2d 85.*

(Emphasis added.) Mont. D.R. Rule 4.27(G)(1)-(2).

{¶ 18} As previously noted, Mont. D.R. Rule 4.27(F) provides that "[a]bsent evidence to the contrary" a prima facie reasonable attorney fee is "up to $350 per hearing" and "up to $1,000 in divorce, legal separation, annulment, appeal, and custody proceedings."

{¶ 19} In this court's view, the local rule's requirement for expert witness testimony on the reasonableness of the attorney fee when the requested fee is greater than the prima facie reasonable amount arguably constitutes "other evidence of the legal services rendered" that the court may order a party to provide pursuant to R.C. 2323.51(B)(5)(a).

Regardless, it is well established that in order for a party to prevail on a claim for attorney fees the moving party must demonstrate that the fees were reasonable and necessary. *Donese v. Donese,* 2d Dist. Greene No. 2000-CA-17, 2000 WL 1433872, *4 (Sept. 29, 2000), citing *Thomas v. Thomas*, 2d Dist. Greene No. 94-CA-18, 1995 WL 137015, *9 (Mar. 31, 1995). *See also Swanson v. Swanson*, 48 Ohio App.2d 85, 91-93, 355 N.E.2d 894 (8th Dist.1976).

{¶ 20} In *Swanson*, the Eighth District Court of Appeals explained that simply multiplying an hourly rate by time expended is by itself a deficient method of determining whether an attorney fee is reasonable. *Swanson* at 91-92. The record must demonstrate other facts upon which the reasonableness of the fee can be judged, including the time and labor involved, the fee customarily charged, the nature and length of the professional relationship with the client, and the parties' relative need and ability to pay. *Id.* at 91-93. "At a minimum, * * * the record must contain some evidence of the reasonableness of the fees." (Citation omitted.) *Donese* at *3.

{¶ 21} This court has only upheld attorney fee awards without evidence of reasonableness where the fee was nominal and appeared manifestly reasonable from the record. *See, e.g., Taylor v. Taylor,* 2d Dist. Miami No. 2014-CA-21, 2015-Ohio-701, ¶ 46 (finding the trial court did not abuse its discretion in awarding nominal attorney fees of $500 noting that "nominal amounts have been allowed without specific presentation of evidence where the record establishes the reasonableness of the award"); *Schaefer v. Schaefer*, 2d Dist. Greene No. 03CA0085, 2004-Ohio-2956, ¶ 39 (holding "where the fee is nominal in amount, no showing of reasonableness is required"); *Woloch v. Foster*, 98 Ohio App.3d 806, 813, 649 N.E.2d 918 (2d Dist.1994) (noting the trial court did not abuse

its discretion by awarding nominal attorney fees without evidence of the amount of attorney fees actually incurred or the reasonableness of that charge); *Stallard v. Stallard*, 2d Dist. Greene No. 93 CA 58, 1994 WL 371101, *4 (July 13, 1994) (upholding a $750 attorney fee award upon finding that it is appropriate to take judicial notice of the reasonableness of the fees if they appear to be manifestly reasonable from the appellate record).

{¶ 22} In *Spencer v. Doyle*, 2d Dist. Greene No. 92-CA-46, 1993 WL 377177 (Sept. 22 1993), we specifically stated that:

> On occasion, we have affirmed awards of attorney fees in small amounts, such as $150, without any evidence of reasonableness. Where the amount is small, and the fees pertain to services performed in the presence of the trial court, we have been willing to indulge in the assumption that the trial court properly took judicial notice of the reasonableness of the fees and their reasonable necessity. We do not regard an award in the amount of $1,500 as being appropriate for such expedited treatment.

*Id*. at *3, fn. 4. *Accord Leffel v. Leffel*, 2d Dist. Clark No. 2000-CA-78, 2001 WL 669423, *3 (June 15, 2001) (finding the trial court abused its discretion in awarding attorney fees in the amount of $1,936 because the case involved more than a nominal fee and the record lacked information regarding the reasonableness of the fee); *Donese* at *3 (finding the trial court erred in awarding $2,000 in attorney fees because there were no billing statements nor expert testimony presented regarding the reasonableness of the fee).

{¶ 23} Here, in support of his motion for sanctions, Curtis submitted itemized billing statements from his attorney showing that he incurred $4,040.50 in attorney fees

allegedly as a result of Vondelere filing the Amended QDRO. This amount is not nominal and clearly exceeds the prima facie reasonable amounts provided for in the local rules. Curtis, however, offered no expert testimony as to the reasonableness of the billings as required by Mont. D.R. Rule 4.27(G), nor any other evidence of reasonableness. During the hearing on the motion for sanctions, the magistrate correctly noted that, pursuant to *Swanson*, 48 Ohio App.2d 85, 355 N.E.2d 894, the billing statements (showing hours worked multiplied by time expended) were insufficient by themselves to establish the reasonableness of the attorney fees requested. Because $4,040.50 is more than a nominal amount of attorney fees and there was no evidence offered to establish the reasonableness of those fees, we find that the domestic relations court did not abuse its discretion in failing to award that amount to Curtis.

{¶ 24} In so holding, we find the court properly deferred to Mont. D.R. Rule 4.27(F), which again provides that "[a]bsent evidence to the contrary" a prima facie reasonable attorney fee is "up to $350 per hearing" and "up to $1,000 in divorce, legal separation, annulment, appeal, and custody proceedings." In determining the necessity for and reasonableness of attorney fees, the local rules also permit the domestic relations court to "use its own knowledge and experience, plus its own observations of time and effort expended, tactics used, discovery cooperation shown, settlement efforts made, and compliance with court orders demonstrated." Mont. D.R. Rule 4.27(F).

{¶ 25} Without any evidence of the reasonableness and necessity of the $4,040.50 attorney fee requested by Curtis, the court was permitted to award a prima facie reasonable fee as provided in the local rules while using its own knowledge, experience, and observations in fashioning the sanction. In this instance, the domestic relations

court determined that, as a result of filing the frivolous Amended QDRO, Vondelere should pay Curtis the cost of the action and $350 in attorney fees for Curtis having to move to vacate the Amended QDRO and to address issues with his pension plan. Under the circumstances of this case, we do not find that such a decision was unreasonable, arbitrary, or unconscionable so as to be considered an abuse of discretion. Accordingly, we will not interfere with the decision of the domestic relations court.

{¶ 26} Curtis's sole assignment of error is overruled and the judgment of the domestic relations court overruling Curtis's objections to the magistrate's decision is affirmed.

. . . . . . . . . . . .

DONOVAN, P.J. and FROELICH, J., concur.

Copies mailed to:

Vondelere B. White
Konrad Kuczak
Hon. Timothy D. Wood