[Cite as *Butler v. Reinbold*, 2012-Ohio-351.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


JEFFREY L. BUTLER, pro se

                Relator

-vs-


CHIEF C., NANCY REINBOLD, et al.

            Respondent

| | |
|:--|:--|
| : | JUDGES: |
| : | W. Scott Gwin, P.J. |
| : | Sheila G. Farmer, J. |
| : | Julie A. Edwards, J. |
| : | |
| : | Case No. 2011CA00201 |
| : | |
| : | |
| : | O P I N I O N |


CHARACTER OF PROCEEDING:        Writ of Mandamus Complaint

JUDGMENT:        Dismissed

DATE OF JUDGMENT ENTRY:        January 30, 2012

APPEARANCES:

For Relator        For Respondent Reinbold

JEFFREY L. BUTLER        MICHAEL BICKIS
Inmate #570-508, 3 DORM        Assistant Prosecuting Attorney
Marion Correctional Institution        110 Central Plaza, South
Box 57        Suite #510
Marion, Ohio  43301-0057        Canton, Ohio  44702

*Edwards, J.*

{¶1} Relator, Jeffrey Butler, has filed a petition for writ of mandamus. R.C. 2731.04 governs actions in mandamus and provides, "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit. The court may require notice of it to be given to the defendant, or grant an order to show cause why it should not be allowed, or allow the writ without notice."

{¶2} Relator has not brought the action in the name of the state which warrants dismissal of this action. *In re Barksdale,* 2010 WL 323413, 1 (Ohio App. 8 Dist.).

{¶3} Even had the petition been properly captioned, we find Relator has failed to state a claim upon which relief may be granted. Relator initially solely named Clerk Nancy Reinbold as a Respondent, however, he amended his petition to include the Stark County Prosecutor as well as Assistant Prosecutor Michael Bickis.

{¶4} Respondent, Nancy Reinbold, Clerk of Courts, has filed a Motion to Dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. We sua sponte review the complaint as it relates to Respondent Bickis and Respondent the Stark County Prosecutor. The Supreme Court has held sua sponte dismissal of a complaint "is proper where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Peeples v. Anderson* (1995). 73 Ohio St.3d 559, 560, 653 N.E.2d 371, 373.

{¶5} Relator is seeking a writ which would require Respondents to rescind an order issued by Judge Charles Brown imposing court costs upon Relator.

{¶6} For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

{¶7} Respondents never issued an order to collect court costs. Respondent Reinbold merely sent an invoice to the correctional institution detailing the amount owed by Relator as imposed by Judge Brown. The Supreme Court has explained the difference between the roles of the trial court and the clerk of the trial court, "As we have discussed above, R.C. 2947.23 requires a judge to assess costs against all convicted criminal defendants, and waiver of costs is permitted-but not required-if the defendant is indigent. It logically follows that a clerk of courts may attempt the collection of assessed court costs from an indigent defendant." *State v. White*, 103 Ohio St.3d 580, 583, 817 N.E.2d 393, 396 - 397 (2004).

{¶8} Respondent Bickis simply represents Respondent Reinbold in this action. The petition fails to state any cause of action against Respondent Bickis.

{¶9} Respondent the Stark County Prosecuting Attorney like Respondent Reinbold has no authority to rescind an order issued by a judge of the Court of Common Pleas. We likewise find the complaint fails to state a claim upon which relief may be granted against Respondent the Stark County Prosecuting Attorney.

**{¶10}** Respondents have no authority to rescind an order issued by a judge. Further, Respondent Reinbold does have the right to attempt to collect the assessed court costs. Because Relator has failed to demonstrate a clear legal duty on the part of Respondents to rescind an order issued by a judge, the requirements for a writ of mandamus are not met. Therefore, the motion to dismiss the petition for failure to state a claim upon which relief may be granted is sustained.

**{¶11}** The instant cause of action is dismissed.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/ads1207

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

JEFFREY L. BUTLER, pro se          :
                                   :
                    Relator        :
                                   :
                                   :
-vs-                               :          JUDGMENT ENTRY
                                   :
CHIEF C., NANCY REINBOLD, et al.   :
                                   :
               Respondent          :          CASE NO. 2011CA00201


    For the reasons stated in our accompanying Memorandum-Opinion on file, the Complaint is dismissed.  Costs assessed to Relator.


                           _____


                           _____


                           _____

                                     JUDGES