[Cite as *Shrock Prefab, L.L.C. v. Steelrite Sys. USA, Inc.*, 2016-Ohio-3410.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SHROCK PREFAB, LLC | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 15 CA 20 |
| STEELRITE SYSTEMS USA, INC., aka<br>STEELRITE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  14 CV 0072


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 13, 2016


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

STEVEN J. SHROCK                            GREGORY H. MELICK
CRITCHFIELD, CRITCHFIELD &                  LUPER NIEDENTHAL & LOGAN
JOHNSTON                                    50 West Broad Street
138 East Jackson Street                     Suite 1200
Millersburg, Ohio  44654                    Columbus, Ohio  43215-3374

*Wise, J.*

{¶1} Appellant Steelrite Systems USA, Inc. aka Steelrite appeals the December 3, 2015, decision of the Holmes County Common Pleas Court granting Appellee Shrock Prefab, LLC's Motion for Summary Judgment.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} For purposes of this Opinion, the relevant facts and procedural history are as follows:

{¶3} On April 25, 2012, "Steelrite" doing business as "Steelrite Systems USA, Inc." executed and delivered a credit application to Appellee Shrock Prefab, LLC, whereby Appellee Shrock agreed to furnish goods and services to Steelrite upon credit, in exchange for payment by Steelrite.

{¶4} On September 3, 2014, Appellee Shrock Prefab, LLC filed a Complaint in the Holmes County Court of Common Pleas seeking payment in excess of $1,000,000 for goods and services it alleges it provided to Appellant Steelrite Systems USA, Inc. aka Steelrite under a written credit agreement. Shrock avers that pursuant to the terms of the credit agreement executed by Steelrite, Shrock agreed to provide certain goods and services upon credit, in exchange for payment by Steelrite (the "Contract").

{¶5} Appellee alleges that Appellant promised to pay all invoices within 45 days unless otherwise stated on each invoice, to pay interest of 2% per month and any past-due invoices, and to pay attorney fees and costs relating to the collection of any past-due invoices. (Complaint at 9). Appellee states that pursuant to said credit application, it provided goods and services to two Steelrite entities, for which, Appellee argues, Appellant has failed to pay. Appellee alleges that Appellant breached the contract and as

a result, Appellee is owed $821,074.00 plus interest at the contractual rate of 24% per annum on each respective invoice balance from the date due on each invoice, plus attorney fees and court costs. (Complaint, 11, 13-14).

{¶6} On October 9, 2014, Steelrite filed its Answer.

{¶7} On December 9, 2014, Appellee Shrock filed a Motion for Summary Judgment. The Motion for Summary Judgment was originally scheduled for a non-oral hearing on January 5, 2015, at 4:00 p.m.

{¶8} On January 2, 2015, Appellant Steelrite filed a Limited Opposition to Appellee's Motion for Summary Judgment. Therein and through the affidavit of Stephen Colussi, affiant testified that Appellant Steelrite Systems USA, Inc. did not contract with Appellee on April 25, 2012, and that, instead, Appellee entered into a contract with two different entities, Steelrite Construction, USA Inc., and Steelrite Systems, Inc. (a Canadian corporation in receivership). Appellant therein further testified that none of the invoices attached to Appellee's Complaint as Exhibit C show the purchaser as being Appellant Steelrite Systems USA, Inc., but instead show the purchasers as being Steelrite Construction USA, Inc. and Steelrite Systems, Inc.

{¶9} On January 22, 2015, Appellant Steelrite filed a Motion for Leave to File Supplemental Affidavit, along with Appellant's Notice of Filing of the Supplemental Affidavit.

{¶10} On January 26, 2015, the trial court scheduled the Motion for Leave to File Supplemental Affidavit for oral argument, along with oral argument on the Motion for Summary Judgment, for January 29, 2015.

**{¶11}** On January 29, 2015, the trial court heard oral argument in the morning, and Appellee was granted fourteen (14) days leave to file a memorandum in opposition to Appellant's Motion for Leave to File Supplemental Affidavit by the trial court's Journal Entry docketed later that day.

**{¶12}** On February 12, 2015, Appellee Shrock filed a Memorandum Contra Appellant's Motion for Leave to File Affidavit.

**{¶13}** On February 23, 2015, the trial court filed two contemporaneous, simultaneous Decisions and Entries: (1) denying Appellant's Motion for Leave to File Supplemental Affidavit; and (2) granting Appellee's Motion for Summary Judgment.

**{¶14}** On March 17, 2015, Appellant Steelrite filed a Motion for Reconsideration, arguing that the trial court ruled on the Motion for Summary Judgment prematurely, failing to afford Appellant the time for a full and fair response and failing to afford Appellant any response to the allegation that its affiant had defrauded the court in bad faith.

**{¶15}** On March 17, 2015, Appellee Shrock filed its Memo Contra Appellant's Motion for Reconsideration, alternatively arguing that Appellant was afforded a fair opportunity to fully oppose Appellee's Motion for Summary Judgment.

**{¶16}** On March 19, 2015, the trial court denied Appellant's Motion for Reconsideration.

**{¶17}** Appellant filed an initial Notice of Appeal on March 20, 2015. In an opinion dated November 12, 2015, this Court dismissed the Appeal for lack of a final appealable order. Specifically, this Court held that the trial court's failure to determine the amount of plaintiff's attorney's fees caused this Court to lack jurisdiction.

{¶18} Upon remand, in order to allow this matter to proceed expeditiously to final judgment, Appellee Schrock waived its attorney's fees claim and, on December 3, 2015, the trial court filed a Judgment Entry Nunc Pro Tunc as a final appealable order.

{¶19} Appellant Steelrite now appeals the December 3, 2015, Judgment Entry Nunc Pro Tunc, assigning the following errors for review:

ASSIGNMENTS OF ERROR

{¶20} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEE AS A GENUINE ISSUE OF MATERIAL FACT EXISTED.

{¶21} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN VIOLATION OF CIV.R. 56 AS APPELLEE INTRODUCED NEW EVIDENCE IN ITS MEMO CONTRA APPELLANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVIT.

{¶22} "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS IT IMPERMISSIBLY WEIGHED THE CREDIBILITY OF THE AFFIANT IN APPELLANT'S SUPPLEMENTAL AFFIDAVIT AGAINST THE NEWLY INTRODUCED EVIDENCE SUBMITTED BY APPELLEE."

I., II., III.

{¶23} In each of its Three Assignments of Error, Appellant assigns error to the trial court's grant of summary judgment in favor of Appellee. We shall therefore address the assignments of error together.

"Summary Judgment Standard"

{¶24} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v.*

*The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent

part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.

{¶25} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶26} It is based upon this standard that we review Appellant's Assignments of Error.

{¶27} In their Motion for Summary Judgment, Appellee moved for judgment on all claims set forth in their Complaint: breach of contract, open account, account state and

unjust enrichment. Appellee supported its motion with the Affidavit of Joseph Shrock President of Shrock Prefab, LLC and a copy of the credit application. The credit application lists the name "Steelrite" and doing business as "Steelrite Systems USA, Inc." The contract contains the signature of Stephen Colussi, with the title of President written under his name. The application provides that all purchases from Shrock made by "Steelrite" are subject to the terms of the credit application, obligating it to pay for goods and services provided under said contract. The invoices submitted for such goods and services were attached to Appellee's Complaint.

{¶28} We find that Appellee produced evidence in the form of invoices and affidavit on all elements of the actions set forth in their Complaint and that such were sufficient to establish the absence of any genuine issues of material fact as to the elements of their claims.

{¶29} As the non-moving party, Appellant was therefore required to provide contrary evidence illustrating a genuine issue of material fact, pursuant to Civ.R. 56(E).

{¶30} Appellant, in its limited opposition to Appellee's Motion for Summary Judgment, argued only that "[d]efendant opposes Plaintiff's Motion for Summary Judgment on the limited grounds that Plaintiff's claims are barred against the named defendant because it is not the proper party-defendant, and because Plaintiff has failed to join or substitute the appropriate necessary and indispensable party-defendants under Ohio Civ.R. 19 and 19.1."

{¶31} Appellant did not argue that any genuine issue of material fact existed as to any of Appellee's claims that would preclude the granting of summary judgment. Appellant did not argue that a contract did not exist or that no breach had occurred.

Appellant failed to submit any evidentiary material that created any genuine factual dispute with respect to this issue.

**{¶32}** The nonmoving party may not rest upon the allegations and denials in the pleadings, but must instead point to or submit some evidence showing a genuine dispute over the material facts. *Henkle v. Henkle,* 75 Ohio App.3d 732, 735, 600 N.E.2d 791 (12th Dist.1991).

**{¶33}** "Failure to raise arguments, affirmative defenses, and objections to evidence in opposition to summary judgment will constitute waiver of such arguments." *Zealler v. F & W Properties,* 10th Dist. Franklin No. 99AP–1215, 2000 WL 1015345, (Jul. 25, 2000). Further, in the instant case, Appellant failed to submit countervailing Civ.R. 56(E) summary judgment evidence setting forth specific facts showing a genuine issue of material fact.

**{¶34}** Upon review of Appellee's motion for summary judgment and Appellant's limited opposition in response thereto, we find Appellant failed to present any Civ.R. 56 quality evidence to prove the existence of any issues of material fact.

**{¶35}** We further find Appellant's argument that the trial court considered new evidence included in Appellee's Memo Contra Appellant's Motion for Leave to File Affidavit not well-taken. The trial court specifically stated in its Judgment Entry "[t]he Court denied Defendant's Motion for Leave to File Affidavit and the Affidavit has not been considered in the Court's decision regarding the Motion for Summary Judgment."

**{¶36}** We likewise find Appellant's arguments that the trial court was required to hold a second hearing on the motion for summary judgment not well-taken. A review of the record of the January 29, 2015, oral hearing reveals that both sides had an opportunity

to argue their briefs in this matter.  Once the issue of the filing of the motion for leave to file an affidavit by Appellant was raised, the trial court stated that if such filing were permitted, it would schedule another hearing, otherwise it would rule on the motion for summary judgment before it. (T. at 15).

{¶37} Based on the foregoing, we find the trial court did not err in granting summary judgment to Appellee in this matter.

{¶38}  For the foregoing reasons, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/d 0602