[Cite as *Davila v. Simpson*, 2018-Ohio-946.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EDWIN DAVILA | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| JENNIFER SIMPSON | : | Case No. 2017CA00166 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court
of Common Pleas, Case No. 2016
CV 01691

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     March 12, 2018

APPEARANCES:

For Plaintiff-Appellant

ED DAVILA, pro se
333 Erie Street, South #325
Massillon, Ohio 44648

For Defendant-Appellee

J. MICHAEL GATIEN
2371 Chestnut Hill St., N.W.
North Canton, Ohio 44720

*Baldwin, J.*

**{¶1}** Appellant, Edwin Davila, appeals the decision of the Stark County Court of Common Pleas granting summary judgment in favor of appellee, Jennifer Simpson.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** Appellant alleges that appellee intentionally interfered with his employment by Avanti Corporation, leading to his termination on December 13, 2015.

**{¶3}** Appellant was hired by Avanti Corporation in 2001. The principal of the company, Gaetano Cecchini, approached appellant and invited him to work for Avanti, though the recitation of facts in appellant's complaint reveals that many of the duties he assumed were personal services for Mr. Cecchini. Appellant states he "agreed to work for Cecchini and began employment with Avanti in that spring of 2001." (Amended Complaint, paragraph 12). The complaint describes an employee handbook that would govern the "relationship between the employment (sic) between the plaintiff and Avanti during the term of the employment" (Amended Complaint, paragraph 13), but it also states that his duties would include "responsibilities which may be assigned to him on an ad hoc basis by Cecchini, individually, or through his companies. (Amended Complaint, paragraph 15). Finally, the complaint alleges that appellant was "also involved with assisting Cecchini with resolving his improper relationships with certain female employees." (Amended Complaint, paragraph 16).

**{¶4}** Appellant contends that during settlement negotiations of a contested divorce, Appellee requested that Mr. Cecchini terminate appellant's employment with Avanti and all of Mr. Cecchini's companies. Appellant argues that his termination was the direct result of that request and he offered documents in support of the contention that

appellee made that demand. He described the documents as two letters from an attorney representing the appellee in the divorce and a responsive letter from Mr. Cecchini, all dated 2007. Appellant also offered a memorandum he drafted after hearing a telephone conversation purportedly between appellee and Mr. Cecchini. The letters are not authenticated by their purported authors and the letter attributed to Mr. Cecchini is not signed. Appellee offered nothing to authenticate the identity of the party who spoke with Mr. Cecchini during the phone call.

{¶5} Appellant also submitted his affidavit containing descriptions of two telephone conversations he witnessed between Mr. Cecchini and appellee, one dated August 2015 and one dated November 2015, in which he contends that appellee insisted that appellant's termination was a critical part of any settlement of the pending complaint for divorce. Appellant recalls that Mr. Cecchini did not agree with appellee, but told her they would talk about it later. The identity of the other person on the phone during the calls was not authenticated pursuant to Evid.R. 901(B)(6).

{¶6} Mr. Cecchini terminated appellant's employment on December 13, 2015 due to "the distressed financial condition of Avanti Corporation and Cecchini Enterprises." (Amended Complaint, paragraph 26).

{¶7} Appellant filed a complaint on April 25, 2016 in the Cuyahoga County Court of Common Pleas and named Mr. Cecchini and Avanti Corporation as defendants. The defendants moved for a change of venue to Stark County on May 27, 2016. After the exchange of several pleadings, the court granted the motion on July 15, 2016.

{¶8} The case was scheduled for a telephonic pretrial conference on September 6, 2016. At the conference the trial court set deadlines and included within its order the

following language: "plaintiff to strike extraneous statements from complaint within 30 days." No explanation is contained within the record regarding the trial court's intent. Plaintiff filed an amended complaint on October 5, 2016 which included the appellee and the allegations that are pertinent to this appeal. On November 1, 2016 appellant dismissed all claims against Mr. Cecchini, Avanti Corporation and Cicchini, Inc., leaving appellee the only defendant.

{¶9} Appellee filed an answer and counterclaim on January 17, 2017 and appellant filed his reply on February 2, 2017. On April 18, 2017, appellant filed a motion to disqualify appellee's trial counsel, claiming that appellant planned to call him as a witness. Appellee opposed that motion and filed a motion for leave to file an amended answer. The motion requesting leave to file an amended answer was granted. Prior to the judge issuing a ruling on the motion to disqualify, new counsel entered an appearance on behalf of appellee making the motion to disqualify moot.

{¶10} Appellee filed her amended answer on May 12, 2017 and scheduled the deposition of appellant. Appellant's deposition was completed on June 1, 2017 and filed with the court on July 10, 2017.

{¶11} On July 10, 2017, appellee filed a motion requesting a protective order regarding the sealed final decree of divorce and agreed judgment entry executed by appellee and Mr. Cecchini. Appellee requested that the court review the documents *in camera* to determine whether an agreement to terminate the appellant appeared in those documents. Appellee also requested that the documents remain sealed and that the appellant not be permitted to review them.

{¶12} On July 17, 2017, appellant filed his opposition to the appellee's motion, but appellant did not serve appellee with any discovery requests seeking a copy of the decree or an opportunity to review it. Appellant asserted that the decree was irrelevant, but did not object to the use of the decree in support of the motion for summary judgment and did not file a motion to strike the decree from the record.

{¶13} On August 9, 2017, the trial court found that "plaintiff has not requested the divorce settlement agreement in discovery." The Court further concluded "the court has conducted a review of the document and find (sic) the same shall not be disclosed to Plaintiff. Accordingly the motion for protective order is granted." Appellant has not appealed this order.

{¶14} Both parties filed motions for summary judgment on July 10, 2017, supported with affidavits, memoranda opposing the motions and replies. The trial court issued a ruling on August 9, 2017 granting appellee's motion for summary judgment and finding the appellant's motion moot.

{¶15} The parties also exchanged several memoranda regarding motions in limine involving the appellant's criminal history as well as a motion to strike any references to that history from the record and to strike comments made by appellee's counsel. These motions remained unresolved as they became moot when the motion for summary judgment was granted.

{¶16} Appellant filed this appeal and lists five assignments of error:

{¶17} I. THE TRIAL COURT ERRED BECAUSE UNDER CIV. R 56(C) SIMPSON FAILED TO FURNISH EVIDENCE DEMONSTRATING ENTITLEMENT TO SUMMARY

DISPOSITION OF THIS CASE AND SIMPSON FAILED TO DEMONSTRATE ENTITLEMENT AS A MATTER OF LAW.

1.      THE TRIAL COURT ERRED BECAUSE SIMPSON FAILED TO FURNISH PROPER DOCUMENTARY EVIDENCE SUPPORTING HER CLAIM FOR SUMMARY JUDGMENT.

2.      THE TRIAL COURT ERRED BECAUSE SIMPSON FAILED TO DEMONSTRATE ENTITLEMENT TO SUMMARY JUDGMENT AS A MATTER OF LAW.

{¶18} II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF SIMPSON WHERE SIMPSON ADMITTED IN HER AMENDED ANSWER THAT SHE INTERFERED WITH EMPLOYMENT WITH DAVILA'S CORPORATE EMPLOYER.

{¶19} III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF SIMPSON WHERE SIMPSON FAILED TO PLEAD THE AFFIRMATIVE DEFENSE OF PRIVILEGE TO INTERFERE WITH THE EMPLOYMENT OF DAVILA AFTER SHE ADMITTED INTERFERING WITH DAVILA'S EMPLOYMENT

{¶20} IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF SIMPSON BECAUSE OHIO LAW HAS NOT RECOGNIZE (SIC) A PRIVILEGE FOR AN ESTRANGED SPOUSE OR FORMER SPOUSE WHICH WOULD ALLOW SIMPSON'S ADMITTED INTERFERENCE WITH DAVILA'S EMPLOYMENT WITH HIS CORPORATE EMPLOYER.

{¶21} V. THE TRIAL COURT ERRED IN SUGGESTING IN DICTA DAVILA'S CORPORATE EMPLOYER HAD THE RIGHT TO TERMINATE HIM AT ITS

DISCRETION REGARDLESS OF SIMPSON'S INTERFERENCE AND THEREFORE THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF SIMPSON.

1. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AND SUGGESTING IN DICTA AN AT-WILL EMPLOYMENT EXISTED BECAUSE DAVILA'S EMPLOYMENT WAS NOT AT-WILL UNDER THE DOCTRINE OF PROMISSORY ESTOPPEL AND NOT AT-WILL AS A RESULT OF AN EMPLOYEE HANDBOOK.

2. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AND SUGGESTING IN DICTA AN AT-WILL EMPLOYMENT EXISTED WHEN OHIO LAW PROVIDES A CLAIM OF TORTIOUS INTERFERENCE IS NOT BARRED BY A DISPUTED ASSERTION OF AT-WILL EMPLOYMENT.

### Standard of Review

**{¶22}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). Civ.R. 56(C) provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.

Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence *759 which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

*Lanzer v. Louisville*, 5th Dist. No. 2015 CA 00170, 2016-Ohio-8071, ¶ 31-32.

**Tortious Interference with Employment**

**{¶23}** The court in *Slyman v. Shipman, Dixon & Livingston, Co., L.P.A.*, 2nd Dist. Miami No. 2008-CA-35, 2009-Ohio-4126, ¶ 11 outlined the elements necessary to establish tortious interference with an employment relationship:

Tortious interference with an employment relationship "occurs when one party to the relationship is induced to terminate the relationship by the malicious acts of a third person who is not a party to the relationship at issue." *Tessmer v. Nationwide Life Ins. Co.* (Sept. 30, 1999), Franklin App. No. 98AP-1278, 1999 WL 771013 at 6, citing *Condon v. Body, Vickers & Daniels* (1994), 99 Ohio App.3d 12, 22, 649 N.E.2d 1259. Accordingly, to establish such a claim, a plaintiff must demonstrate: "1) the existence of an employment relationship between plaintiff and the employer; 2) the defendant was aware of this relationship; 3) the defendant intentionally interfered with this relationship; and 4) the plaintiff was injured as a proximate result of the defendant's acts." (Citations omitted).

**{¶24}** We have confirmed the need for a malicious or wanton act that results in a termination as vital elements of such a claim: "The general rule in Ohio is that an employee earning a living has a right to pursue employment free from unwarranted interference by third persons, and that one who maliciously or wantonly procures the employee's discharge is liable in damages. *Frankow v. Thorn EMI, Inc.,* 5th Dist. Richland No. 92-CA-83, 1993 WL 135701, *4, (Sep. 29, 1993).

## ANALYSIS

{¶25} The breadth of appellant's first assignment of error belies the argument contained within his brief. The assignment suggests a broad argument regarding the requirements for granting summary judgment and supporting documents, but the argument is much more narrow. Rather than a comprehensive argument regarding the evidence offered in support of appellee's motion for summary judgment, appellant focuses only upon the trial court's consideration of the appellee's divorce decree.

{¶26} Appellant contends that the trial court erred in considering the sealed divorce decree and cites to the requirements of Civ.R. 56. However, appellant did not present this argument to the trial court. The appellant opposed appellee's motion seeking a protective order and *in camera* inspection of the decree and further argued that the decree would have no effect on his claims, but he did not file a motion to strike the decree, nor did he register any objection to its consideration in the context of a motion for summary judgment. "Failure to object to the court's consideration of the evidence submitted in support of a motion for summary judgment constitutes waiver of any alleged error in the consideration of the evidence. A trial court may consider evidence other than the evidence specified in Civ.R.56 (C) where no objection has been raised." *Assett Acceptance LLC v. Davis*, 5th Dist. Fairfield No. 2004CA00054, 2004-Ohio-6967, ¶ 45, citations omitted. Appellant's failure to object to the consideration of the final decree of divorce or agreed judgment entry or move to strike them waived any objection and the trial court was free to give the decree whatever weight it deemed appropriate.

{¶27} Assuming, arguendo, the agreed judgment entry and the final decree of divorce were stricken from the record, appellee's affidavit provides the same information

when she states that "[t]he terms of my Final Settlement Agreement did not include anything regarding the plaintiff's employment" and "I did not undertake any activity that actually caused the termination of the plaintiff's employment and have no knowledge of the circumstances or reasons as to the same." (Appellee's affidavit attached to her Motion for Summary Judgment as Exhibit A). Any error in the consideration of the final decree and agreed entry would, therefore, be harmless.

**{¶28}** Appellant's second argument regarding this assignment is, similar to the first, much narrower than the assignment would lead this court to believe. A more accurate description of the alleged error is contained within the text of the argument where appellant states "Thus, the trial court erred because Rule 56 does not permit a trial court to use its reluctance in the absence of a demonstration by Simpson of evidentiary or legal support." (Appellant's Amended Brief, page 10)  Appellant is referring to the trial court's statement, on page 3 of its order where, in the context of describing the appellee's alleged conduct as privileged the trial court states "[t]he facts of this case are unusual and, not surprisingly, there are no cases on point. This court is reluctant to impose liability on an employer's estranged spouse for the employer's decision to terminate his employee." Appellant misinterprets this statement as the basis for the trial court's decision when, reviewed in context of the entire opinion, it is only relevant to the court's determination that the appellee's alleged conduct was privileged. Because we view the trial court's comment regarding its reluctance relates only to the analysis of privilege, we cannot agree that the trial court erred.

**{¶29}** Appellant's second assignment of error is overruled.

{¶30} Appellant's third assignment of error is based upon his contention that appellee admitted tortious interference with his employment and proximate cause in her amended answer. He concludes that, as a result, the only issue remaining to be decided is the harm he has suffered. We disagree with his interpretation of the pleadings.

{¶31} Appellant refers us to the following allegations in his amended complaint:

28. During the course of their divorce proceedings between Cecchini and Simpson on at least three separate occasions, Simpson demanded that she would agree to settle the divorce, if, among other demands, Cecchini agreed to terminate in every way possible the employment or any other relationship amongst Cecchini, Avanti Corporation, and Cicchini Enterprises and Plaintiff.

29. Cecchini agreed to the request to terminate his relationship with Plaintiff as demanded by Simpson but rejected some of the other settlement provisions.

Amended Complaint, page 5.

{¶32} Appellant contends that the appellee's response is an admission of tortious interference and causal connection:

5. Defendant admits, subject to the Affirmative Defenses as are set forth herein, the allegations contained in paragraphs 28 and 29 but, denies that Plaintiff's employment was terminated for the allegations claimed.

Amended Answer, page 1.

{¶33} Overlooked by appellant, but important in this context, are two affirmative defenses asserted by appellee:

11. Assuming arguendo, without an admission of the same, that Plaintiffs claims have any validity, his damages were caused by the acts or omissions of other individuals or entitles over which Defendant had no control.

12. Plaintiffs' claims should fail for a failure to prove the Direct and Proximate Cause of his damages.

Amended Answer, page 1.

**{¶34}** We disagree with appellant's characterization of the allegations and the response, as well as his conclusions regarding their effect. At best, the allegations and the response establish that, at some time, appellee requested appellant's termination during negotiation of a divorce action and, at some time, Mr. Cecchini agreed with that request, but there is no admission Mr. Cecchini acted on appellee's request. The allegations and the answer cannot reasonably be construed as an admission that appellee sought and procured appellant's termination or that there is a causal connection between appellee's request and any damages suffered by appellant.

**{¶35}** Appellant third assignment of error is overruled.

**{¶36}** Because appellant's third and fourth assignments of error address the issue of privilege, we consider them simultaneously.

**{¶37}** These assignments highlight appellant's mistaken belief that privilege is an affirmative defense in the context of a complaint for intentional interference with an employment relationship. The burden of proving lack of privilege rests with appellant.

*** Ohio law places the burden on the plaintiff to demonstrate improper conduct in order to prevail on a claim of tortious interference with a contract instead of requiring a defendant to assert and prove privilege in defense of

such a claim. *Columbia Dev. Corp. v. Krohn*, 1st Dist. No. C1300842, 2014-Ohio-5607, 2014 WL 7277755, ¶ 25 ("Ohio law places the burden of proving a lack of privilege or justification upon the plaintiff.").

*Long v. Mt. Carmel Health Sys., 10th Dist. Franklin No. 16AP-511, 2017-Ohio-5522, ¶ 27.*

**{¶38}** "*** the law in this state imposes the burden of proving lack of privilege or justification upon the plaintiff." *Doyle v. Fairfield Machine Co., 120 Ohio App.3d 192, 217, 697 N.E.2d 667(11th Dist.1997),* (citation omitted).

**{¶39}** The trial court's recognition that that there is no precedent on point is not a bar to the court's consideration of the possibility that the appellee's actions were privileged. Nevertheless, it is clear that it was the appellant's burden to establish that the actions taken by appellee were not privileged and appellant failed to address this issue before the trial court. We have reviewed the record and concluded the appellant presented no argument or evidence to support a conclusion appellee's actions were not privileged. Because appellant did not make this argument before the trial court, we decline to consider it at this juncture. *Shrock Prefab, L.L.C. v. Steelrite Sys. USA, Inc.*, 5th Dist. Holmes No. 15 CA 20, 2016-Ohio-3410, ¶ 33.

**{¶40}** Appellant's third and fourth assignments of error are therefore overruled.

**{¶41}** Appellant's fifth assignment of error is an incomplete statement of the trial court's order and, most importantly, the assignment contains language which supports our overruling it.

**{¶42}** The trial court's ruling contains the following sentences: "Cecchini was permitted to terminate plaintiff at his discretion, for any or no reason at all. Moreover, there is no indication that plaintiff's termination was predicated upon unlawful grounds."

The trial court did not simply conclude that appellant was an at-will employee subject to be terminated at any time. Nor did the trial court hold that an at-will employee cannot pursue a claim for tortious interference with employment. The trial court did hold that regardless of the appellee's employment characterization, there was nothing in the record to establish that his termination was based upon unlawful grounds. The appellant's attempt to interpret the trial court's findings to support his assignment of error is not persuasive.

**{¶43}** Appellant's reference to this portion of the court's opinion as "dicta" provides a second basis for our overruling the assignment of error. As dicta, that comment by the trial court is not considered necessary to the decision in the case.

> Stated differently, dicta or dictum is an observation or statement in an opinion by the writing judge—***—which is unnecessary to resolution of the issues in the case ***." *Black's Law Dictionary* 1102 (8th Ed.2004) ("a judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential."); see also *Duck v. Cantoni,* 4th Dist. No. 11CA20, 2012–Ohio–351, ¶ 25.

*Peters v. Tipton,* 7th Dist. Harrison No. 13 HA 10, 2015-Ohio-3307, ¶ 6.

**{¶44}** Consequently, if we accept the appellant's characterization of the trial court's observation as dicta, that comment does not state the holding of the trial court and is not subject to reversal. Assuming, arguendo, that the statement is not dicta, we would find that the trial court concluded that regardless of whether appellant was an at-will or contract employee, there was nothing in the record to establish that his termination was the result of tortious interference with the appellant's employment.

**{¶45}** For those reasons, appellant's fifth Assignment of error is overruled.

**{¶46}** We also find the grant of summary judgment was correct for a reason not addressed by the trial court. *Myers v. Evans Products Co.*, 5th Dist. Fairfield No. 25-CA-84, 1984 WL 7610, *1 (Dec. 14, 1984). The record lacks any evidence of a causal connect between the appellee's alleged acts and the termination of the appellant's employment. Appellee has denied that she took any action that resulted in appellant's termination and stated that his termination was not part of her divorce decree. (Appellee's affidavit attached to her motion for summary judgment)  Appellant contends appellee has admitted the connection in her amended answer, but as we have addressed, appellant's interpretation of the appellee's answer cannot be reasonably construed to be an admission that supports a causal connection.  In fact, the appellee's answer expressly denies causation.  Appellant offered 3 letters, contending those letters demonstrate a causal connection, but the letters have not been authenticated by their authors and the relevant statements are hearsay which we decline to consider.

**{¶47}** Appellant has also offered descriptions of two phone calls, but the calls have not been authenticated pursuant to the requirements of the Evid.R. 901(B)(6) and we will not consider them. Consequently, the record lacks any reliable evidence regarding a causal connection between the alleged acts of appellee and appellant's termination.

**{¶48}** Appellant acknowledges his obligation to establish causation on page one of his Motion for Summary Judgment:  "Davila maintains after summary judgment is entered the sole issues remaining for determination by the jury would be that of causation and damages." (Motion for summary judgment of plaintiff, page 1). No Civ.R. 56 quality evidence was provided by appellant after he filed the motion for summary judgment that

would obviate the need for proof of causation. Further, appellant admitted other causes for his termination.  He acknowledged that Mr. Cecchini terminated employees over the age of 45, that he was over the age of 45 on the date he was terminated and that he asserted a claim with the Ohio Civil Rights Commission on those grounds. (Davila deposition, page 4, lines 11-12; page 40, lines 4-21).  Appellant admitted that Mr. Cecchini stated that appellant's alleged involvement in distributing campaign literature was "one of the factors in terminating his relationship with Plaintiff." (Amended Complaint, paragraph 107). The appellant's acknowledgment of his obligation to prove proximate cause between the appellee's action and his termination, the lack of supportive evidence for that element of his claim and his admission of other causes for his termination support summary judgment in favor of appellee on this issue.

{¶49} We find, therefore, that in addition to the reasons set forth by the trial court, summary judgment is appropriate because, in construing all of the appropriate documentation in a light most favorable to appellant, there are no genuine issues of material fact with regard to proximate cause and appellee is entitled to judgment as a matter of law as a result of the lack of any evidence establishing a causal connection between the alleged acts of the appellee and the termination of appellant.

{¶50} The decision of the Stark County Court of Common Pleas is affirmed. Costs

assessed to appellant.

By: Baldwin, J.

Delaney, P.J. and

Earle Wise, J. concur.