[Cite as *Davila v. Cecchini*, 2019-Ohio-2317.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EDWIN DAVILA | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2018CA00133 |
| | : | |
| GAETANA MATTIOLI CECCHINI, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:             Appeal from the Stark County Court of
                                     Common Pleas, Case No.
                                     2016CV01691

JUDGMENT:                            AFFIRMED

DATE OF JUDGMENT ENTRY:              June 10, 2019

APPEARANCES:

For Plaintiff-Appellant:                      For Defendant-Appellee:

EDWIN DAVILA, PRO SE                          J. MICHAEL GATIEN
333 Erie Street South, #325                   2371 Chestnut Hill St. NW
Massillon, OH 44648                           North Canton, OH 44720

*Delaney, J.*

{¶1}   Plaintiff-Appellant Edwin Davila appeals the August 6, 2018 judgment entry of the Stark County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   Plaintiff-Appellant Edwin Davila was hired by Avanti Corporation in 2001. The principal of the company, Defendant Gaetano Cecchini, approached Davila and invited him to work for Avanti, though the recitation of facts in Davila's complaint revealed that many of the duties he assumed were personal services for Cecchini. Davila stated he "agreed to work for Cecchini and began employment with Avanti in that spring of 2001." (Amended Complaint, paragraph 12). The complaint described an employee handbook that would govern the "relationship between the employment (sic) between the plaintiff and Avanti during the term of the employment" (Amended Complaint, paragraph 13), but it also stated that his duties would include "responsibilities which may be assigned to him on an ad hoc basis by Cecchini, individually, or through his companies. (Amended Complaint, paragraph 15). Finally, the complaint alleged Davila was "also involved with assisting Cecchini with resolving his improper relationships with certain female employees." (Amended Complaint, paragraph 16).

{¶3}   Defendant-Appellee Jennifer Simpson is the former wife of Cecchini. Davila argued that during settlement negotiations of the contested divorce between Simpson and Cecchini, Simpson requested that Cecchini terminate Davila's employment with Avanti and all of Cecchini's companies. Davila's employment with Avanti was terminated on December 13, 2015 and Davila argued his termination was the direct result of Simpson's request. Cecchini stated Davila's termination was due to "the distressed

financial condition of Avanti Corporation and Cecchini Enterprises." (Amended Complaint, paragraph 26).Davila offered documents to support his contention, which he described as two letters from an attorney representing Simpson in the divorce and a responsive letter from Cecchini. Davila also offered a memorandum he drafted after hearing a telephone conversation purportedly between Simpson and Cecchini. The letters were not authenticated by their purported authors and the letter attributed to Cecchini were not signed. Davila offered nothing to authenticate the identity of the party who spoke with Cecchini during the phone call.

{¶4} Davila also submitted his affidavit containing descriptions of two telephone conversations he witnessed between Cecchini and Simpson, one dated August 2015 and one dated November 2015, in which he contended that Simpson insisted Davila's termination was a critical part of any settlement of the pending complaint for divorce. Davila recalled that Cecchini did not agree with Simpson, but told her they would talk about it later. The identity of the other person on the phone during the calls was not authenticated pursuant to Evid.R. 901(B)(6).

{¶5} Davila filed a complaint on April 25, 2016 in the Cuyahoga County Court of Common Pleas and named Cecchini, Avanti Corporation, and Cecchini, Inc. as defendants. In his complaint, Davila alleged claims of breach of contract, interference with constitutional rights, defamation, and intimidation of a witness. The defendants moved for a change of venue to Stark County on May 27, 2016. After the exchange of several pleadings, the court granted the motion on July 15, 2016.

{¶6} The case was scheduled for a telephonic pretrial conference on September 6, 2016. At the conference the trial court set deadlines and included within its order the

following language: "plaintiff to strike extraneous statements from complaint within 30 days." No explanation is contained within the record regarding the trial court's intent. Davila filed an amended complaint on October 5, 2016 and named Simpson as a defendant. His amended complaint included a quote from Dante's *Inferno* and alleged claims of tortious interference with an employment contract, malicious refusal to pay medical bills incurred in connection with work related injury, breach of contract, unjust enrichment, fraud, breach of employment agreement, spoliation of evidence, interference with constitutional rights, defamation, intimidation of a witness, and violations of the Ohio Corrupt Activity Statutes.

{¶7} On November 1, 2016, Davila dismissed all claims against Cecchini, Avanti Corporation and Cecchini, Inc., leaving Simpson as the remaining defendant. Against Simpson, Davila claimed tortious interference with an employment contract.

{¶8} Simpson filed an answer and counterclaim on January 17, 2017, alleging Davila's amended complaint was frivolous under Civ.R. 11 and R.C. 2323.51. On April 18, 2017, Davila filed a motion to disqualify Simpson's trial counsel, claiming Davila planned to call him as a witness. Simpson opposed the motion and filed a motion for leave to file an amended answer. The motion requesting leave to file an amended answer was granted. Prior to the trial court issuing a ruling on the motion to disqualify, new counsel entered an appearance on behalf of Simpson on May 12, 2017, making the motion to disqualify moot.

{¶9} Simpson filed her amended answer on May 12, 2017 and scheduled the deposition of Davila. Davila's deposition was completed on June 1, 2017 and filed with the court on July 10, 2017.

{¶10} On July 10, 2017, Simpson filed a motion requesting a protective order regarding the sealed final decree of divorce and agreed judgment entry executed by Simpson and Cecchini. Simpson requested the trial court review the documents *in camera* to determine whether an agreement to terminate Davila appeared in those documents. Simpson also requested that the documents remain sealed and that the Davila not be permitted to review them.

{¶11} On July 17, 2017, Davila filed his opposition to the Simpson's motion, but Davila did not serve Simpson with any discovery requests seeking a copy of the decree or an opportunity to review it. Davila asserted that the decree was irrelevant, but did not object to the use of the decree in support of the motion for summary judgment and did not file a motion to strike the decree from the record.

{¶12} On August 9, 2017, the trial court found that "plaintiff has not requested the divorce settlement agreement in discovery." The Court further concluded "the court has conducted a review of the document and find (sic) the same shall not be disclosed to Plaintiff. Accordingly the motion for protective order is granted."

{¶13} Both parties filed motions for summary judgment on July 10, 2017, supported with affidavits, memoranda opposing the motions and replies. The trial court issued a ruling on August 9, 2017, granting Simpson's motion for summary judgment and finding Davila's motion moot. The trial court found that while correspondence between Simpson and Cecchini's divorce counsel discussed settlement proposals including Simpson's desire that Davila's employment be terminated, the Final Divorce Decree and Agreed Judgment Entry did not include terms related to Davila's employment. It further found Davila was a discretionary employee and could be terminated without cause. Davila

failed to present case law to support his argument that liability should be imposed on an employer's estranged spouse for the employer's decision to terminate his employee.

{¶14} The parties exchanged several memoranda regarding motions in limine involving the Davila's criminal history as well as a motion to strike any references to that history from the record and to strike comments made by Simpson's counsel. These motions remained unresolved as they became moot when the motion for summary judgment was granted.

{¶15} On September 5, 2017, Davila appealed the trial court's summary judgment to this Court in *Davila v. Simpson*, 2018-Ohio-946, 108 N.E.3d 628 (5th Dist.). On September 7, 2017, Simpson filed a motion for frivolous conduct against Davila. In her motion, she requested attorney fees, deposition costs, and court costs. Davila filed a response, arguing Simpson admitted she interfered with Davila's employment.

{¶16} On March 12, 2018, we affirmed the judgment of the trial court in *Davila v. Simpson, supra*, stating:

> We find, therefore, that in addition to the reasons set forth by the trial court, summary judgment is appropriate because, in construing all of the appropriate documentation in a light most favorable to appellant, there are no genuine issues of material fact with regard to proximate cause and appellee is entitled to judgment as a matter of law as a result of the lack of any evidence establishing a causal connection between the alleged acts of the appellee and the termination of appellant.

*Id.* at ¶ 49.

{¶17} After we affirmed the judgment of the trial court, Simpson filed a supplemental motion for frivolous conduct on April 12, 2018, wherein she renewed and supplemented her original motion against Davila.

{¶18} The trial court granted Simpson's motion for frivolous conduct on June 19, 2018. The trial court found the conduct upon which Davila based his claims consisted of allegations or other factual contentions that had no evidentiary support. The matter was set for a hearing to determine the appropriate sanctions.

{¶19} On July 12, 2018, Davila filed a motion to dismiss the motion for frivolous conduct based on lack of jurisdiction. He argued that pursuant to R.C. 2323.51, the April 12, 2018 motion was filed beyond the 30-day time limit.

{¶20} An evidentiary hearing on the motion for frivolous conduct was held on July 12, 2018. Simpson presented testimony from the three attorneys that assisted her with this action and submitted their invoices into evidence. Simpson initially retained Attorney Susan Pritchard to review Davila's complaint. Pritchard testified she invoiced Simpson fees in the amount of $490, which was charged based on an hourly rate of $280. Attorney Stanley Rubin testified he was next retained by Simpson, but withdrew after Davila filed a motion to disqualify her counsel. Rubin worked for 15.1 hours and charged $350.00 per hour. The total charges were $5,285.00 but he gave Simpson a courtesy discount, reducing his fee to $2,500.00. Simpson also paid Rubin $93.00 in court costs. After Rubin withdrew from the case, Simpson hired Attorney Michael Gatien. Gatien testified he charged $300.00 per hour and his total hours were 49.2, for total attorney fees of $14,760. Transcript costs were $473.45. As to the reasonableness of the hours spent and the hourly rate charged, Simpson asked the trial court to take judicial notice. Davila objected.

At the conclusion of the evidence, the trial court found the attorney fees were reasonable and appropriate.

{¶21} The trial court memorialized its findings via judgment entry filed August 6, 2018. It awarded a total of $17,843.00 to Simpson against Davila. The trial court further denied Davila's motion to dismiss for lack of jurisdiction.

{¶22} It is from this judgment Davila now appeals.

## ASSIGNMENTS OF ERROR

{¶23} Davila raises two Assignments of Error:

{¶24} "I. THE TRIAL COURT SHOULD HAVE DENIED THE APPELLEE'S MOTION FOR FRIVOLOUS CONDUCT BECAUSE THE MOTION FOR SANCTIONS WAS FILED BEYOND THE THIRTY DAYS MANDATED BY R.C. 2323.51.

{¶25} "II. THE TRIAL COURT ERRED BY AWARDING ATTORNEY FESS IN THE ABSENCE OF PROOF OF THE REASONABLENESS OF ATTORNEY FEES AS REQUIRED BY R.C. 2323.51."

## ANALYSIS

### I. Timely Filed

{¶26} Davila argues in his first Assignment of Error the trial court erred in denying his motion to dismiss Simpson's claim for frivolous conduct as untimely filed. We disagree.

{¶27} On August 9, 2017, the trial court granted Simpson's motion for summary judgment and denied Davila's motion for summary judgment as moot. Simpson voluntarily dismissed her counterclaim, without prejudice, on August 14, 2017. On September 5, 2017, Davila filed his appeal of the August 9, 2017 judgment. Simpson filed her motion

for frivolous conduct judgment on September 7, 2017. The trial court did not rule on Simpson's motion for frivolous conduct judgment because trial court case was stayed pending appeal in *Davila v. Simpson, supra*. Our opinion affirming the trial court's judgment was filed on March 12, 2018. On April 12, 2018, Simpson filed a renewed and supplemental motion for frivolous conduct. The trial court granted the motion on June 19, 2018. Davila filed his motion to dismiss on July 12, 2018, arguing Simpson's April 12, 2018 renewed motion for frivolous conduct judgment was untimely filed.

{¶28} Davila's argument that Simpson's motion for frivolous conduct judgment was untimely filed was based on R.C. 2323.51(B)(1). The statute reads:

> Subject to divisions (B)(2) and (3), (C), and (D) of this section and except as otherwise provided in division (E)(2)(b) of section 101.15 or division (I)(2)(b) of section 121.22 of the Revised Code, at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.

R.C. 2323.51(B)(1). Davila stated Simpson's motion for frivolous conduct was untimely filed pursuant to R.C. 2323.51(B)(1) because she filed her motion for frivolous conduct on April 12, 2018, 30 days after our decision was filed in *Davila v. Simpson, supra*.

{¶29} We find Davila's argument to be not well taken because the April 12, 2018 motion for frivolous conduct was not the original filing. After the trial court granted summary judgment in favor of Simpson on August 9, 2017, Simpson filed her original motion on September 7, 2017, requesting a determination that Davila engaged in frivolous conduct. This was 29 days after the trial court's summary judgment ruling. Davila filed his notice of appeal of the trial court's judgment on September 5, 2017. Based on Davila's appeal, the matters pending in the trial court were stayed until the resolution of the appeal. Our Court issued its ruling on March 12, 2018. On April 12, 2018, Simpson filed a supplemental motion for frivolous conduct, wherein she stated she renewed and supplemented her original motion for frivolous conduct.

{¶30} After the appeal was resolved, the trial court regained jurisdiction to consider pending motions, which included the September 7, 2017 motion for frivolous conduct. We find Simpson timely filed her original motion for frivolous conduct on September 7, 2017, 29 days after the trial court entered a final judgment.

{¶31} Davila's first Assignment of Error is overruled.

## II. Reasonableness of Attorney Fees

{¶32} Davila argues in his second Assignment of Error that the trial court erred in awarding attorney fees in the absence of proof of the reasonableness of the fees as required by R.C. 2323.51. A motion for sanctions brought under R.C. 2323.51 requires a three-step analysis by the trial court. The trial court must determine (1) whether the party engaged in frivolous conduct, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) if an award is to be made, the amount of the award. *Martell v. Martell*, 5th Dist. Stark No. 2018CA00017, 2018-Ohio-4927, 2018 WL 6446618,

¶ 41 citing *Bear v. Troyer*, 5th Dist. Guernsey Nos. 15 CA 17, 15 CA 24, 2016-Ohio-3363, ¶ 55. Davila does not argue on appeal the trial court erred in finding he engaged in frivolous conduct and Simpson was adversely affected by Davila's frivolous conduct.

{¶33} R.C. 2323.51(B)(1) provides a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. *Martell, supra* at ¶ 40. R.C. 2323.51(B)(3)(b) states that any award made pursuant to R.C. 2323.51(B)(1) shall not exceed those fees that were reasonably incurred by a party. *In re Guardianship of Bakhtiar*, 9th Dist. No. 16CA011036, 2018-Ohio-1764, 113 N.E.3d 24, 2018 WL 2105772, ¶ 27. Where a trial court has found the existence of frivolous conduct, the decision whether or not to assess a penalty lies within the sound discretion of the trial court. *Harper v. Kandel*, 5th Dist. Tuscarawas No. 2018 AP 02 0010, 2018-Ohio-3382, 2018 WL 4037406, ¶ 18 citing *Wiltberger v. Davis*, 110 Ohio App.3d 46, 52, 673 N.E.2d 268 (10th Dist.). A trial court exercises discretion in deciding to assess attorney fees as a sanction for frivolous conduct. *Carasalina LLC*, 10th Dist. No. 14AP–74, 2014-Ohio-5665, at ¶ 48. Moreover, a trial court has discretion to determine the amount of attorney fees to award. *Bear v. Troyer*, 5th Dist. No. 15 CA 17, 2016-Ohio-3363, ¶ 67; *Wrinch v. Miller*, 183 Ohio App.3d 445, 2009-Ohio-3862, ¶ 59 (9th Dist.); *Southard Supply, Inc. v. Anthem Contractors, Inc.*, 10th Dist. Franklin No. 16AP-545, 2017-Ohio-7298, 2017 WL 3602073, ¶ 43. Abuse of discretion requires more than simply an error of law or judgment, implying instead the court's attitude is unreasonable, arbitrary or unconscionable. *Tracy v. Merrell-Dow Pharmaceuticals, Inc.*, 58 Ohio St.3d 147, 152, 569 N.E.2d 875 (1991).

{¶34} "The burden of establishing that a party incurred reasonable attorney fees because of the opposing party's frivolous conduct falls upon the moving party." *White v. White*, 2nd Dist. Montgomery No. 27011, 2016-Ohio-7628, 2016 WL 6575330, ¶ 14 citing *Grine v. Sylvania Schools Bd. of Edn.,* 6th Dist. Lucas No. L–06–1314, 2008–Ohio–1562, ¶ 65, citing *In re Verbeck's Estate,* 173 Ohio St. 557, 559, 184 N.E.2d 384 (1962). For the moving party to prevail on a claim for attorney fees, she must demonstrate the fees were reasonable and necessary. *White, supra* at ¶ 19 citing *Donese v. Donese,* 2d Dist. Greene No.2000–CA–17, 2000 WL 1433872, *4 (Sept. 29, 2000), citing *Thomas v. Thomas,* 2d Dist. Greene No. 94–CA–18, 1995 WL 137015, *9 (Mar. 31, 1995). *See also Swanson v. Swanson,* 48 Ohio App.2d 85, 91–93, 355 N.E.2d 894 (8th Dist.1976). The record must demonstrate facts upon which the reasonableness of the fee can be judged, including the time and labor involved, the fee customarily charged, the nature and length of the professional relationship with the client, and the parties' relative need and ability to pay. *Swanson, supra* at 91–93. "At a minimum, * * * the record must contain some evidence of the reasonableness of the fees." (Citation omitted.) *White, supra* at ¶ 20 citing *Donese* at *3.

{¶35} The testimony of Simpson's three attorneys demonstrated the attorneys' hourly rates ranging from $280, $300, and $350, were customary and reasonable for the area. Davila's cross examination of the attorneys did not demonstrate the hourly rates of the three local attorneys were not reasonable. Simpson's second attorney charged an hourly rate of $350 but reduced his invoice from $5,285.00 to $2,500.00.  Davila cross examined the attorneys as to the work completed on the matter, specifically whether the work was duplicative of the other attorneys' work. Simpson's third attorney entered an

appearance on May 12, 2017 and completed much of the work on the case after her second attorney withdrew from the matter on May 9, 2017. The third attorney's invoice reflects the work done to prepare the motion for summary judgment, conduct Davila's deposition, respond to discovery requests, prepare a protective order, and file a motion for frivolous conduct. We find the record contains sufficient evidence of reasonableness of the fees to demonstrate no abuse of discretion by the trial court to award attorney fees and costs to Simpson.

{¶36} Davila's second Assignment of Error is overruled.

## CONCLUSION

{¶37} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.